## COMMONWEALTH *vs.* PATRICK CLARK.

It is no ground for arresting judgment in a criminal case, that in the copy of the record of the police court, in which it was commenced, attested by the clerk of that court, the complaint appears to have been certified by another person as clerk *pro tempore*, and no contingency in which the appointment of such a clerk is authorized by statute is stated.

COMPLAINT on *St.* 1855, *c.* 215, § 24, to the police court of Milford. In the copy of the record attested by the clerk of that court, the complaint did not appear to have been certified by him, but by another person as clerk *pro tempore* of that court. The defendant, after conviction in the superior court, moved in arrest of judgment, because the record did not show the existence of any of the contingencies in which the appointment of a clerk *pro tempore* was authorized by *St.* 1857, *c.* 264. *Allen,* C. J. overruled the motion, and the defendant alleged exceptions.

*F. L. King,* for the defendant.

*P. E. Aldrich,* (District Attorney,) for the Commonwealth.

DEWEY, J. There is no ground for arresting the judgment in the present case. The law authorizes the police court to appoint a clerk *pro tempore* in case of the absence or death or other disability of the permanent clerk. Although it would be entirely proper to enter upon the book of records of the police court the appointment of a clerk *pro tempore* and the occasion for making such appointment, yet that need not appear in a certificate, signed by such clerk *pro tempore*, of the copies of complaint, warrant and judgment of each case tried before that court. In the present case, the papers are in fact duly attested by the permanent clerk, and the only ground of objection is that upon the copies thus attested it appears that, in some of the preliminary proceedings before the police court, some person acted as a clerk *pro tempore*. In the record before us, duly attested by the regular clerk, we have sufficient *prima facie* evidence that there was a clerk *pro tempore* duly appointed.

*Motion in arrest overruled.*